Joshua L. Goldstein, Esq.
6 Beacon Street, Suite 600
Boston, MA 02108
Telephone (617) 722-0005
    Massachusetts Bar Number 644450
    New York Bar Number 3033263

07 CV 3276

Attorney for Plaintiff

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERGIS GAMEL<br>    Plaintiff, | )<br>)<br>)<br>)<br>) No.: _____ |
| V. | )<br>) |
| MICHAEL CHERTOFF, Secretary<br>Department of Homeland Security;<br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services;<br>ANDREA QUARANTILLO, Director<br>New York District Office of the U.S. Citizenship<br>and Immigration Services;<br>ALBERTO GONZALES, Attorney General<br>Of the United States;<br>ROBERT MUELLER III, Director<br>Federal Bureau of Investigations | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PETITION FOR HEARING ON NATURALIZATION APPLICATION
PURSUANT TO 8 U.S.C §1447(b)

INTRODUCTION

1. Plaintiff is a lawful permanent resident of the United States (immigration file no. A075-971-483) who is statutorily eligible to naturalize and become a United States citizen. Plaintiff's application for naturalization has been unlawfully delayed by the Defendants. As a

1

consequence, this Court has jurisdiction to adjudicate Plaintiff's naturalization application and to grant him naturalization pursuant to 8 U.S.C §1447(b).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this case pursuant to 8 U.S.C §1447(b), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 2201 (declaratory judgment) and 5 U.S.C. § 701 (Administrative Procedures Act).

3. Venue is proper to this district pursuant to 28 U.S.C. § 1391(e) and 8 U.S.C. § 1447(b) because Plaintiff resides within the district of this court.

## PARTIES

4. The Plaintiff, Gergis Gamel, resides in Staten Island, Richmond County, New York. The Plaintiff is a native of Egypt and is a legal permanent resident of the United States. His claim for naturalization arises under § 336(b) of the Immigration and Nationality Act, as amended (INA), 8 U.S.C. § 1447(b).

5. The Defendants are Michael Chertoff, the Secretary of the U.S. Department of Homeland Security (DHS), Emilio T. Gonzales, Director of U.S. Citizenship and Immigration Services (USCIS), and agency within the DHS, Andrea Quarantillo, Director of the New York City Field Office of the USCIS, Alberto Gonzales, the U.S. Attorney General, and Richard Mueller III, the Director of the U.S. Federal Bureau of Investigations (FBI). In their respective capacities, Michael Chertoff, Emilio T. Gonzales, Andrea Quarantillo, and Alberto

Gonzales are responsible for the grant or denial of this naturalization application under the INA and implementing regulations. In addition, Plaintiff has named Richard Mueller III, the Director of the FBI, as a co-defendant upon information and belief that part of the reason for the delay in adjudicating the application for naturalization is the FBI's failure to complete the security background check in a timely manner. *See, e.g.* 8 U.S.C. § 1421, 8 C.F.R. § 310, and 8 C.F.R. § 316.3.

## FACTS

6. On or about December 1, 2005, Plaintiff filed his application for naturalization (Form N-400, Receipt No. ESC*001529226) with the USCIS so that he could realize his dream of becoming a citizen of the United States.

7. On or about April 11, 2006, Plaintiff attended a naturalization interview at the New York District Office of the USCIS where a USCIS officer examined him and his application for naturalization. During this interview the Plaintiff responded truthfully to all questions and provided all requested information, and successfully passed the examinations of English language and US History and Government. The examining officer told the Plaintiff upon the successful completion of his interview and examination that the final decision about his application could not be made yet due to a pending background check.

8. The Plaintiff's application remains pending to date, despite numerous inquiries to the Defendants regarding the status of the application made to the United States Citizenship and Immigration Services. In response to Plaintiff's latest inquiry of September 23, 2006, the USCIS informed Plaintiff again that his case has been delayed due to the background check.

9. Despite the facts that the Plaintiff has provided the Defendants with all the records, materials and documentation required by the relevant statutes and regulations, and that more than 120 days have passed since the date of his examination and interview, the Defendants have not rendered a decision on his application in direct violation of INA § 336(b), 8 U.S.C. § 1447(b).

10. Plaintiff is eligible for naturalization, meets all the requirements for naturalization, and would have been approved for naturalization if USCIS had properly followed and implemented the statute.

11. Many more than 120 days have passed since the initial interview, and the Defendants have made no decision on Plaintiff's application in violation of INA § 336(b), 8 U.S.C. § 1447(b).

CLAIMS FOR RELIEF

12. Defendants' failure to make a determination on Plaintiff's application within the 120-day statutory period entitles Plaintiff to bring this matter before this Court for a hearing pursuant to INA § 336(b), 8 U.S.C. § 1447 (b).

13. Plaintiff seeks a *de novo* judicial determination of his naturalization application and a grant of naturalization from this Court. In the alternative, Plaintiff seeks that the Court remands the application to the USCIS with an order that it immediately adjudicate his application.

WHEREFORE, Plaintiff requests that the Court:

(a) Grant this petition and enter a judgment granting Plaintiff's naturalization and ordering that he is a naturalized citizen of the United States;

(b) In the alternative, remand the application to the USCIS with an order that it adjudicate the application within 15 calendar days of said order;

(c) Grant attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority;

(d) Grant such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED this 24th day of April, 2007.

By: _____
Joshua L. Goldstein, Esq.
6 Beacon Street, Suite 600
Boston, MA 02108
Telephone (617) 722-0005
    Massachusetts Bar Number 644450
    New York Bar Number 3033263

Attorney for Plaintiff